IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| Mary I. Bell, | ) | C/A No.: 3:17-2722-JFA |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| SDH Education East LLC, | ) | |
| Defendant. | ) | |

Mary I. Bell (Plaintiff) filed this civil action in state court, alleging job-related discrimination claims against SDH Education East, LLC a/k/a Sodexo (Defendant). (ECF No. 1-5). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.), the case was referred to a Magistrate Judge for review.

I. PROCEDURAL BACKGROUND

Plaintiff filed her amended Complaint in the Richland County Court of Common Pleas on August 29, 2017. Plaintiff served a copy of the summons and complaint on Defendant on September 7, 2017. Defendant subsequently removed the action to federal court on October 6, 2017. (ECF No. 1).[1] Defendant filed a motion to dismiss on December

---

[1] The court notes that Plaintiff's complaint contains many of the same allegations previously asserted in her previous lawsuit before this court C/A No.: 3:12-3534-JFA. Her previous lawsuit was dismissed by this court on March 31, 2014, for failure to state a claim upon which relief could be granted. (ECF Nos. 85–86).

1

13, 2017, arguing that Plaintiff claims are barred by *res judicata*, the applicable statute of limitations, Plaintiff's failure to exhaust her administrative remedies, and for Plaintiff's failure to state a claim upon which relief can be granted. (ECF No. 23).

By order issued on December 14, 2017, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the dismissal procedures and of the possible consequences if she failed to adequately respond to the Motion. (ECF No. 24). The Magistrate Judge granted repeated requests by Plaintiff for additional time to respond to the Motion to Dismiss. (ECF Nos. 28, 32). On March 20, 2018, Plaintiff filed a response to the Motion to Dismiss. (ECF No. 41).

On March 27, 2018, the Magistrate Judge issued a Report and Recommendation (Report), recommending Defendant's Motion be granted. (ECF No. 42). On April 11, 2018, Plaintiff filed a motion with this Court asking for a stay of her case due to high levels of stress. (ECF No. 46). This Court denied the motion to stay, but granted Plaintiff sixty additional days to file her objections. (ECF No. 47). On June 13, 2018, Plaintiff filed another motion to stay for similar reasons. (ECF No. 50).

This Court again denied the motion to stay, but granted Plaintiff an additional thirty days to file her objections. (ECF No. 51). Plaintiff filed a document titled Objections to the Report and Recommendation (First Objection) on June 18, 2018. (ECF No. 53). Defendant filed a response to Plaintiff's objections on July 2, 2018. (ECF No. 54). Plaintiff filed a second document titled Objection to the Report and Recommendation (Second Objection) on July 19, 2018. (ECF No. 55). Defendant filed a response to Plaintiff's Second Objection.

(ECF No. 56). This matter is ripe for review.

## II.     LEGAL STANDARD

The Magistrate Judge assigned to this action[2] prepared a thorough Report and Recommendation and opines that Defendant Motion to Dismiss (ECF No. 23) should be granted. (ECF No. 42). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this court incorporates those facts and standards without a recitation.

A district court is only required to conduct a de novo review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Va. Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the court must only review those portions of the Report to which Plaintiff has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM*

---

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

*Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the Complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

### III. ANALYSIS

In Plaintiff's First Objection, Plaintiff made no specific objection to the Magistrate's Report. *See* (ECF No. 53). Plaintiff does not direct this court to any specific error by the Magistrate Judge. *Id.* To the contrary, Plaintiff appears to summarize the procedural history in this case and tell the Court that she cannot afford an attorney. *Id.* Plaintiff also attached ninety-eight pages of documents to her objection. However, Plaintiff makes no attempt to

explain how these documents show that the Magistrate Judge erred in her Report.

In Plaintiff's Second Objection, Plaintiff likewise does not make a specific objection to the Report. *See* (ECF No. 55). In this document, Plaintiff gives the Court her version of the facts. Although the Court is sympathetic to her current stress from this matter, it is simply not a specific objection to restate the factual history of the alleged incident. Plaintiff must point to a specific error in the Magistrate's Report. *See Orpiano*, 687 F.2d 44.

Plaintiff attaches approximately 200 pages of documents[3] to her Second Objection. Many of these documents were previously attached to Plaintiff's First Objection. Many of the documents attached are duplicate documents. Again, Plaintiff does not attempt to explain how these documents point to a specific error in the Report. Merely attaching documents related to this matter does not constitute a specific objection.

Plaintiff was adequately warned that "[o]bjections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections." Plaintiff has failed to identify any portion of the Report that is incorrect. Without specific objections to the Report, this Court is not required to give an explanation for adopting the Magistrate's recommendation. *See Camby*, 718 F.2d at 199.

**IV.  CONCLUSION**

After carefully reviewing the applicable laws, the record in this case, as well as the

---

[3] The Court did its best to closely review all 300 pages of documents attached to Plaintiff's First and Second Objection. The Court could not construe any specific objection to the Report from those documents.

Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Magistrate's recommendation (ECF No. 42). Therefore, Defendant's Motion to Dismiss (ECF No. 23) with prejudice is granted.

IT IS SO ORDERED.

July 30, 2018
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge